PECKLO v. AMERICAN INS. CO. OF NEW-
ARK, N. J. *

SAME v. FIRE & MARINE UNDERWRIT-
ERS' AGENCY OF THE AUTOMOBILE
INS. CO. OF HARTFORD, CONN.

(No. 1536.)

(Court of Civil Appeals of Texas. El Paso.
Dec. 6, 1923. Rehearing Denied
Jan. 10, 1924.)

1. Insurance ⊚➾396(2)—Examination of in-
sured held to constitute waiver of forfeiture
clause.

That the insurer summoned insured before
its adjuster and its attorney of record to
testify under oath at great expense and in-
convenience, taking down his testimony and
causing him to sign it, all being done after in-
surer knew of insured's breach of a forfeiture
clause in his policy *held* to constitute suffi-
cient waiver of the forfeiture clause.

2. Insurance ⊚➾336(1)—Clause for forfeiture
for taking out other insurance on same prop-
erty held valid.

A fire policy clause providing for forfei-
ture for taking out other insurance on the
same property is valid.

3. Insurance ⊚➾396(2) — Nonwaiver clause
held valid.

A clause in fire policy permitting insurer
to examine insured at any time under oath
without waiving any provision or condition of
the policy or forfeiture thereof is valid, and
prevents any waiver of breach of coinsurance
clause by reason of such examination.

4. Insurance ⊚➾640(2)—Insurer must plead
agreement that investigation should not
waive forfeiture.

An agreement between insurer and insured
that latter's investigation of the fire and
amount of damages *should not waive any provi-*
sion in the policy or forfeiture thereof must
be pleaded as an affirmative defense in con-
fession and avoidance in response to supple-
mental petition pleading waiver, whether part
of the policy or not.

5. Pleading ⊚➾130—Rule for pleading in con-
fession and avoidance stated.

Every defense which does not deny the
truth of allegations of facts set up by plaintiff
as constituting his cause of action, but which
seek to destroy the prima facie case thus made
by independent facts transpiring prior to, con-
currently with, or subsequent to the facts
constituting the plaintiff's cause of action must
be pleaded in confession and avoidance.

6. Insurance ⊚➾640(1)—Evidence to show de-
fensive provisions of policy not effective
without special pleading.

In a suit on a policy unless insurers plead
defensive provisions in confession and avoid-
ance, evidence thereof, however adduced, will
not support their judgment.

Appeal from District Court, El Paso Coun-
ty; Ballard Coldwell, Judge.

Consolidated separate suits by A. F. Peck-
lo against the American Insurance Company
of Newark, N. J., and the Fire & Marine
Underwriters' Agency of the Automobile In-
surance Company of Hartford, Conn. Judg-
ment for defendants, and plaintiff appeals.
Reversed and remanded.

Jos. U. Sweeney and R. B. Rawlins, both
of El Paso, for appellant.

Armstrong & Morrow, of El Paso, for ap-
pellees.

HIGGINS, J. Appellant brought separate
suits in the district court of El Paso county
against the American Insurance Company of
Newark, N. J., and the Fire & Marine Un-
derwriters' Agency, etc., to recover upon fire
insurance policies issued by them, respec-
tively, on certain household furniture. In
each of the cases judgment in favor of the
defendant was rendered, and by agreement
the appeals were brought up in a consoli-
dated record.

The record discloses that three insurance
policies were issued by different companies
covering such furniture, each in the sum of
$1,000, as follows: The first by Queen In-
surance Company, issued by the Douglas C.
Crowell agency, dated July 1, 1921; the next
by the Fire & Marine Underwriters' Agency,
etc., issued by the Anderson Investment
Company, agents, dated November 26, 1921;
the next by the American Insurance Com-
pany, through D. C. Crowell & Co., agents,
dated December 14, 1921. The first two pol-
icies were for the term of one year and the
last for three years. The first policy au-
thorized no concurrent insurance; the last
two policies authorized concurrent insurance
as follows: "Total concurrent insurance
permitted, including this policy, $2,000.00.
* * *" A partial loss by fire aggregat-
ing $1,437.50 occured on May 4, 1922. Proof
of loss was made by Pecklo, and payment
has been refused by the appellees.

Each of the three policies contain the fol-
lowing provisions:

"This entire policy, unless otherwise pro-
vided by agreement indorsed hereon or added
hereto, shall be void if the insured now has or
shall hereafter make or procure any other
contract of insurance, whether valid or not,
on property covered in whole or in part by this
policy. * * *"

"The assured shall, as often as requested,
submit to examination under oath by any per-
son named by this company and subscribe the
same and this company shall not be held to
have waived any provision or condition of this
policy or any forfeiture thereof by any act or
proceeding on its part relating to an examina-
tion herein provided for."

On May 10, 1922, a written agreement was
entered into between Pecklo and an adjuster
for the appellees and other insurance com-
panies, to the following effect:

---

⊚➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and indexes
*Writ of error granted March 5, 1924.

"That any action taken by said parties of the second part in investigating the cause of fire or investigating and ascertaining the amount of loss and damage to the property of the party of the first part caused by fire alleged to have occurred on May 4th, 1922, shall not waive or invalidate any of the conditions of the policies of the parties of the second part, held by the party of the first part, and shall not waive or invalidate any rights whatever of either of the parties to this agreement.

"The intent of this agreement is to preserve the rights of all parties hereto and provide for an investigation of the fire and the determination of the amount of the loss or damage, without regard to the liability of the parties of the second part."

Thereupon on August 29, 1922, Pecklo in the presence of the adjuster of the appellees, and their attorney, submitted to an examination under oath concerning the fire occurring at his residence in which the property was in part damaged and in part destroyed, which testimony so given by Pecklo was reduced to writing and sworn to by him.

In bar of the action appellees in their answers set up the breach by Pevklo of that provision in the policy avoiding the same if the insured had or thereafter procured insurance in an amount greater than that authorized. The plaintiff by supplemental petition set up that the defendant had waived any right of forfeiture under said provision in the contract by virtue of the action of the defendant through its duly authorized adjuster and its attorney of record, summoning the plaintiff before such adjuster and its attorney of record on August 29, 1922, and causing him to be sworn and his testimony taken down in writing, causing him to sign same under oath after a tedious and exhausting examination, at much expense and inconvenience to the plaintiff, all of which was done after the defendants were aware of the breach of the coinsurance clause. To the matter set up in the supplemental petition the defendants made no reply. The case was tried without a jury. Findings and conclusions were not filed by the trial court.

Appellant presents but two propositions in his brief in substance, as follows: (1) That by the matter set up in his supplemental petition the appellees waived the breach of the coinsurance clause. (2) There being no plea by appellees in confession and avoidance of the matter set up in the supplemental petition there was no support for the judgments in their favor based upon the nonwaiver agreement incorporated in the policies and the agreement entered into subsequent to the loss.

The three counter propositions submitted by appellees are to the effect: (1) The breach of the coinsurance clause avoided the policies. (2) The holding of the examination did not waive the breach of the coinsurance clause because of the provisions in the policy requiring the assured to submit to such examination and which stipulated that the holding of same should not waive any provision or condition of the policies or any forfeiture thereof. (3) It was not necessary for the appellees to plead such nonwaiver agreement in the policy in order for them to rely upon same.

[1] The record does not disclose the grounds upon which the trial court based its judgment, but the first proposition asserted by appellant is supported by a number of decisions, and the judgment cannot be sustained upon the theory that the matter set up in the supplemental petition, and shown by the evidence to be true, was insufficient to constitute a waiver by appellees of the breach of the coinsurance clause. Insurance Co. v. Polemanakos (Tex. Com. App.) 207 S. W. 922; Insurance Co. v. Moriarty (Tex. Civ. App.) 37 S. W. 628; Insurance Co. v. O'Neal, 14 Tex. Civ. App. 516, 38 S. W. 62; Assurance Co. v. Munger, etc. (Tex. Civ. App.) 49 S. W. 271; Insurance Co. v. Evants, 25 Tex. Civ. App. 300, 61 S. W. 536.

So unless the nonwaiver agreement incorporated in the policy or the separate one dated May 10, 1922, is available to the appellees the judgments must be set aside.

[2, 3] The first counter proposition of the appellees is well settled law. Insurance Co. v. Griffin, 66 Tex. 232, 18 S. W. 505; Insurance Co. v. Blum, 76 Tex. 653, 13 S. W. 572. The validity of the nonwaiver clause in the policies is also established by the decision in American Central Ins. Co. v. Nunn, 98 Tex. 191, 82 S. W. 497, 68 L. R. A. 83. The second contention of appellees, that in view of this stipulation they cannot be considered as having waived the forfeiture, is also sound, provided the pleadings are in such condition the stipulation is available to them.

[4-6] The issue thus resolves itself into a question of pleading. The facts set up in the supplemental petition was new affirmative matter in avoidance of the defense set up in the defendant's original answer. The nonwaiver agreement does not in any wise disprove or rebut the truth of the specific facts pleaded in the supplemental petition. It is an agreement which avoids the operation of a waiver arising upon the facts pleaded by the plaintiff. To this court it seems clear that the nonwaiver agreement is defensive matter in confession and avoidance of the facts pleaded in the supplemental petition. This being its nature it was necessary that the same be pleaded to be available to the defendants. The fact that it was a part of the policy sued upon does not alter the rule that every defense which does not deny the truth of the allegations of fact set up by the plaintiff, as constituting his cause of action, but which seeks to avoid or destroy the prima facie case thus

made "by independent facts transpiring prior to, concurrently with, or subsequent to the facts constituting the plaintiff's cause of action" must be presented to the court by a plea in the nature of confession and avoidance.    Towns on Pleading (1st Ed.) 368. Defensive provisions in a policy of insurance must be pleaded by the insurers in order to be available to them in suits upon such policies, and, unless pleaded, evidence thereof however adduced will not support a judgment in their favor.    Ginners, etc., v. Wiley & House (Tex. Civ. App.) 147 S. W. 629, and cases there cited.

Appellees seem to recognize that the nonwaiver agreement of May 10, 1922, was not available to them in the state of their pleadings, for their counter propositions are not predicated upon that agreement, but we can see no distinction so far as the rule of pleading is concerned between that agreement and the one contained in the contracts sued upon.   Phœnix Assur. Co. v. Deavenport, 16 Tex. Civ. App. 283, 41 S. W. 399; Assur. Corporation v. Rochelle, 13 Tex. Civ. App. 232, 35 S. W. 869; Wooters v. Railway Co., 54 Tex. 294.

There being no pleadings to support the judgments in favor of the appellees, based upon either of the nonwaiver agreements, the judgments in the two cases must be reversed.    Upon the authority of Insurance Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842, the judgments will be reversed and remanded instead of being rendered.