## WHITE v. NATIONAL–BEN FRANKLIN INS. CO. (No. 7168.)

Court of Civil Appeals of Texas. Austin. Nov. 10, 1927.

Rehearing Denied Nov. 23, 1927.

Writ of Error Refused Feb. 1, 1928.

**1. Trial ⬅351(2)—Issue of waiver of forfeiture under fire policy is abandoned, where not submitted nor requested.**

Issue as to waiver of forfeiture under fire policy is deemed abandoned, where not submitted nor requested, in absence of record showing waiver as matter of law.

**2. Insurance ⬅396(2)—Calling insured for examination after suit on fire policy under nonwaiver agreement held not waiver of breach of record warranty clause as defense.**

In suit on fire policy providing for examination of insured, where defendant insurer examined plaintiff after suit was filed, and at which time nonwaiver agreement was executed, such examination was *held* not, as matter of law, waiver of defense of forfeiture for breach of record warranty clause.

Appeal from District Court, Coleman County; J. P. Woodward, Judge.

Suit on a fire insurance policy by T. S. White against the National-Ben Franklin Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant.

W. Marcus Weatherred, of Coleman, and T. M. West, of San Antonio, for appellee.

McCLENDON, C. J. Suit upon a fire insurance policy. Judgment for defendant upon special issue verdict finding that plaintiff had violated the record warranty clause. The only question in the case is whether the forfeiture was waived as a matter of law because defendant demanded an examination of plaintiff after the suit was filed. Plaintiff pleaded such examination as a waiver, and defendant set up the standard policy stipulation providing for such examination, and also alleged and proved a nonwaiver agreement executed at the time the examination was demanded and had.

[1] No issue upon the question of waiver was submitted or requested, and therefore, unless the record established the waiver as a matter of law, the issue was abandoned. Citizens' Nat. Bank of Brownwood v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331 (writ of error denied), and authorities therein collated.

The following authorities hold that, where the policy contains the stipulation giving the insurer the right to examine the insured, and providing that such examination shall not constitute a waiver of any defense, the insurer may have to the liability asserted under the policy, such examination cannot be asserted as a waiver of such defense; American Cent. Ins. Co. v. Nunn, 98 Tex. 191, 82 S. W. 497, 68 L. R. A. 83; Germania Fire Ins. Co. v. McChristy (Tex. Civ. App.) 101 S. W. 822; Scottish Union, etc., Ins. Co. v. Weeks Drug Co., 55 Tex. Civ. App. 263, 118 S. W. 1088; Security Ben. Association v. Webster (Tex. Civ. App.) 230 S. W. 221; Pecklo v. Fire & Marine Ins. Co. (Tex. Civ. App.) 257 S. W. 626.

The same rule applies where the examination is had under a nonwaiver agreement executed after the loss has accrued. Sun Mut. Ins. Co. v. Dudley, 65 Ark. 240, 45 S. W. 539, and Keet-Rountree Dry Goods Co. v. Ins. Co., 100 Mo. App. 504, 74 S. W. 469, approved in Ins. Co. v. Nunn, above; City Drug Store v. Ins. Co. (Tex. Civ. App.) 44 S. W. 21; Roberts v. Insurance Co., 19 Tex. Civ. App. 338, 48 S. W. 559 (writ of error denied); 26 C. J. 338, § 428j.

[2] The only feature which the case at bar presents, distinguishing it from those cited, is that the examination was had after suit was filed and defendant had answered. The record does not show that defendant had any knowledge of the violation of the record warranty clause at the time of the examination, and this defense was not embraced in the answer then on file, but was asserted subsequently in an amended answer. The facts upon which it was based were disclosed by the examination. Under these circumstances, if for no other reason, the examination could not be successfully asserted as a waiver of this specific defense. German Alliance Ins. Co. v. Fort Worth Grain & Elevator Co. (Tex. Com. App.) 269 S. W. 430.

The trial court's judgment is affirmed.

Affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes