## GRAND LODGE COLORED KNIGHTS OF PYTHIAS OF TEXAS v. GREEN.

### No. 1472.

Court of Civil Appeals of Texas. Waco.

Feb. 22, 1934.

Rehearing Denied March 15, 1934.

Allan McDonnell, of Waco, for appellant.

Henderson & Hoyle, of Bryan, for appellee.

ALEXANDER, Justice.

This suit was brought by Ollie Green against Grand Lodge Colored Knights of Pythias of Texas, a fraternal benefit society, to recover on a life insurance certificate in the sum of $500 issued by the defendant on the life of plaintiff's husband, John Green, and payable to plaintiff as beneficiary. The defendant contended that the policy had lapsed and had been forfeited for failure to pay quarterly dues or premiums. Plaintiff, by supplemental petition, alleged that the company had waived such forfeiture, if any. The cause was tried before the court without a jury, and resulted in a judgment for the plaintiff. The defendant appealed.

The by-laws of the fraternity, which, by the terms of the policy, were made a part thereof, provided that the premiums or dues should become due and payable quarterly on the 1st day of January, April, July, and October of each year, and that, if a member failed to pay such premium on or before the 1st day of February, May, August, and November of each year, he should ipso facto stand suspended, and that, if death occurred during such quarter while the insured was so suspended, the insurer would not be liable on said certificate of insurance. It was further provided that any member who had permitted himself to become suspended might place himself in good standing and revive his certificate of insurance at any time between the first and last day of the first month in the next succeeding quarter, by paying all delinquent premiums, together with the current premiums for the ensuing quarter. It appears that the policy was issued in June, 1919, and that the insured paid all premiums up to and including that due October 1, 1931, but that he failed to pay the quarterly premium of $3.35 due January 1, 1932. In the early part of March, 1932, his wife undertook to pay said premiums, but was informed that the same could not be paid until the first month of the next succeeding quarter, which would have been April, 1932. In the meantime, the insured took sick and died on March 19, 1932. On April 14, 1932, Ollie Green, the beneficiary, employed counsel and had them prepare and file proof of death. Such proof, however, was not on forms provided by the fraternity. Upon the filing of such proofs, the grand keeper of records and seals wrote said attorneys as follows:

"I have your letter of April 15th in which you inclose a death certificate of John Green, who was a member of Lodge No. 48 located at Bryan, Texas.

"I am not satisfied as to why a proof of this kind should be made to this office when the lodge at Bryan understands thoroughly how proof of death is to be made. The undertaker, Edd Scott, also has had a number of funerals handled through the lodge of Bryan, and they all understand that this office furnished blank proof of death on which such proof should be made when they have a deceased member.

"If the lodge refused to make a proof of death for John Green, upon request, they should have done so anyway. I find that John Green at the time of his death was not financial with this Department and therefore his beneficiary would not be entitled to any benefits by reason of his death. Possibly this is the reason the lodge made no request for a death proof blank on which to report his death to this Department. However, they should not have refused to report the death and I am therefore sending you herewith inclosed a blank proof of death, which when properly executed and filed with this office will have due consideration of the Endowment Board and their decision with respect to the proof as filed."

Upon receipt of such letter the beneficiary prepared and filed with the fraternity new proof of death on the forms furnished by the lodge. Presumably the trial court concluded that the lodge, by demanding of and receiving from the beneficiary new proof of death after full knowledge of the forfeiture of the policy, thereby waived such forfeiture.

A forfeiture may be waived by an insurance company, and following the general rule that the law abhors a forfeiture, it is said that the courts will seize upon even slight circumstances indicative of an intention on the part of the company to effect such a waiver. Where an agent with authority to bind the company, and with full knowledge of the facts, does some unequivocal act showing an intention to treat the policy as valid and binding after the date on which, under its terms, it would become forfeited, such conduct will be treated as a waiver of the forfeiture provision. Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S. W. 1152,.

152 S. W. 625; Dunken v. Ætna Life Ins. Co. (Tex. Civ. App.) 221 S. W. 691; Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101; Texas State Mutual Fire Ins. Co. v. Leverette (Tex. Civ. App.) 289 S. W. 1032; Stone v. Brady Mutual Life Ins. Ass'n (Tex. Civ. App.) 2 S.W.(2d) 538.

In keeping with the principle above announced, it has become a very well-established rule that, where the insurer, with full knowledge that the insured or his beneficiary has committed some act which under the terms of the policy would authorize the company to insist upon a forfeiture, requires the furnishing of proofs of death, and thus puts the beneficiary to the trouble and expense of preparing and filing same, it will be presumed, in the absence of circumstances to the contrary, that the insurer intended to waive the forfeiture, and the company will be estopped to plead same. Vance on Insurance, p. 473; 5 Cooley's Briefs on Insurance (2d Ed.) 4448; Couch on Insurance, vol. 7, p. 5595, 5597; 24 Tex. Jur. 883, 892, 1114; 37 C. J. 538; 26 C. J. 335; Georgia Home Ins. Co. v. Moriarty (Tex. Civ. App.) 37 S. W. 628 (writ refused); Southern Travelers' Ass'n v. Masterson (Tex. Civ. App.) 48 S.W.(2d) 771, par. 8; German-American Ins. Co. v. Evants, 25 Tex. Civ. App. 300, 61 S. W. 536; Travelers' Protective Ass'n v. Roth (Tex. Civ. App.) 108 S. W. 1039, 1042; German Ins. Co. v. Gibson, 53 Ark. 494, 14 S. W. 672.

Such rule is based on the idea that the insurer would not require the beneficiary to do a foolish and unnecessary thing, and consequently would not require such beneficiary to go to the trouble and expense of preparing and filing proofs of death if it then intended to insist upon a forfeiture and to reject the claim on account of a prior breach of which it then had full knowledge. The insurer's conduct in requiring the filing of such proofs, in the absence of circumstances showing a contrary intention, may raise a presumption of an intention to waive the forfeiture. In the case at bar, the insurer's managing officer, the grand keeper of the records and seals, with full knowledge of the fact that the policy had lapsed on account of the insured's failure to pay the quarterly dues of $3.35, informed the beneficiary, through her attorneys, that proofs of death when made out on forms furnished by him and filed in his office would have the due consideration of the endowment board. This was a direct invitation to the beneficiary to prepare and file new proofs of death. Surely such agent would not have invited the filing of such

proofs if he then intended to reject the claim for reasons then fully known to him. It is true that the beneficiary was put to but little trouble and expense in filing such proofs, but it is also true that the insured had paid the premiums on his policy for more than twelve years and was in arrears in the sum of only $3.35. A waiver of such a slight breach was not inconsistent with human conduct. We are of the opinion that the evidence was sufficient to support the trial court's implied finding that the insurer had waived the forfeiture.

The judgment of the trial court is affirmed.