GRAND LODGE COLORED KNIGHTS OF PYTHIAS OF TEXAS V. OLLIE GREEN.

No. 6746. Decided February 3, 1937.
(101 S. W., 2d Series, 219.)

*Allan V. McDonnell*, of Waco, for plaintiff in error.

*Henderson & Hoyle*, of Bryan, for defendant in error.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

This suit was instituted by Ollie Green in the District Court of Brazos County against the Grand Lodge Colored Knights of. Pythias of Texas, that court having by statute jurisdiction in all causes over which the county court otherwise shall have jurisdiction. Art. 199, Sec. 85, R. S., 1925.

Recovery was sought upon a benefit certificate or policy of insurance issued June 3, 1919, on the life of John Green, plaintiff's husband, in the sum of $500.00. John Green died on or about March 19, 1932. Judgment was recovered in the trial court by plaintiff Ollie Green, which was affirmed by the Court of Civil Appeals. 69 S. W. (2d) 149.

This being a county court case, the Supreme Court has no jurisdiction as a general rule, though an exception exists in cases involving conflicts between decisions of the Courts of Civil Appeals or between the decision of one of such courts and a decision of the Supreme Court. It is sought to bring this case within this exception by the allegation that the decision of the Court of Civil Appeals is in direct conflict with the decision in American Central Insurance Company v. Nunn, 98 Texas, 191, 82 S. W., 497, 68 L. R. A., 83, by the Supreme Court, and the decision in Security Mutual Life Insurance Company v. Calvert, 101 Texas, 128, 105 S. W., 320, also by the Supreme Court.

We are convinced after a thorough investigation that the decision in neither of these cases is in conflict with that in the instant case. The rule has often been stated that the character of conflict which must exist between the decision of the Court of Civil Appeals and prior decisions of such courts or of the Supreme Court, in order to confer jurisdiction upon the Supreme Court in county court cases, "must be well defined, and an apparent inconsistency in the principles announced or in the application of recognized principles is not sufficient. The rulings must be so far upon the same state of facts that the de-

cision of one case is necessarily conclusive of the decision in the other. In other words, the rulings alleged to be in conflict must be upon the same question, and unless this is so there can be no conflict." Garrity v. Rainey, 112 Texas, 369, 247 S. W., 825; Gulf, C. & S. F. Ry. Co. v. Hamilton, 126 Texas, 542, 89 S. W. (2d) 208; Garcia v. American National Insurance Company, 124 Texas, 466, 78 S. W. (2d) 170; City National Bank v. Phillips Petroleum Company, 124 Texas, 456, 78 S. W. (2d) 576; Mooers v. Hunter (Com. App.), 67 S. W. (2d) 860; Travelers Insurance Company v. Barker, 125 Texas, 359, 80 S. W. (2d) 953.

We think that in neither of such alleged conflicting cases was the decision based upon a state of facts so similar to that involved in the instant case that the rulings in such case and in this case can be said to be upon the same question. The most that can be said in favor of the asserted jurisdiction is that the Court of Civil Appeals may have misapplied a principle of law announced by prior decisions, which, as held in the authorities cited, is not sufficient to give jurisdiction.

In the instant case the Court of Civil Appeals held that a request by the association for additional proofs of death upon its own forms, with full knowledge of the nonpayment of the quarterly assessments plead by it as grounds of forfeiture, and without denying liability and without stating that the company was not thereby waiving any of its rights, and where there was no provision of the policy or by-laws that the furnishing of death proofs should not be a waiver of its rights, the same being furnished by the beneficiary at the request and invitation of the company, was a waiver of the forfeiture claimed and also an estoppel to claim such forfeiture.

In American Central Insurance Company v. Nunn, supra, suit was brought on a fire insurance policy and the company plead forfeiture for failure to comply with the iron safe clause. The plaintiff plead waiver of forfeiture because the adjuster, with knowledge of this defense, examined the plaintiff under oath and reduced his testimony to writing, signed by the insured. The policy provided "This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for." The court held that this provision was valid and because of it there was no waiver. In the instant case the by-laws and policy did not provide that the request of death proofs would not be a waiver, and there was no provision of similar

nature in either the policy or the by-laws, which entirely differentiates the present case from the Nunn case.

In Security Mutual Life Insurance Company v. Calvert, supra, suit was upon a policy of insurance on the life of plaintiff's wife; the company plead a forfeiture on the ground of a false statement made by the insured in her policy. Plaintiff in answer thereto plead a waiver, on the ground that after submitting proofs of death the company required additional information with relation to what doctors had attended his wife during the ten year period prior to the application. The court held that this did not constitute a waiver because the company at the time such request for additional information was made did not know of the falsity of the statement plead as a forfeiture and was not in possession of facts which put it on notice.

We think this alleged conflict in cases does not meet the test for jurisdiction required under the rules laid down by the above authorities and the statute.

Writ of error was improvidently granted and the defendant in error's motion to dismiss same for want of jurisdiction here, must be and the same is, granted.

Opinion adopted by the Supreme Court February 3, 1937.