### ALLSTATE INSURANCE COMPANY, Appellant,

v.

### Lou Ann MOONEY, widow and Community Survivor of Kevin G. Mooney, Appellee.

No. 8842.

Court of Civil Appeals of Texas, Amarillo.

March 6, 1978.

Rehearing Denied March 27, 1978.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, Clifford A. Stein and Richard F. Brown, Amarillo, for appellant.

Bob Huff & Associates, Robert E. Teel, Lubbock, for appellee.

DODSON, Justice.

Lou Ann Mooney, plaintiff-appellee and surviving widow of Kevin G. Mooney, deceased, brought suit against Allstate Insurance Company, the defendant-appellant. By her action, Mrs. Mooney sought to recover the proceeds of an insurance policy she alleged was in force on the life of her husband. Allstate claimed the policy had lapsed prior to the death of Kevin Mooney for non-payment of premiums, as provided in the policy, and for non-acceptance of a late payment offer to reinstate the policy. The non-jury trial resulted in the court entering judgment for Mrs. Mooney in the amount of $25,900, representing the $20,000 face amount of the policy, $3,500 attorney's fees and a statutory penalty of $2,400. All-

state appeals the judgment. We reverse and render.

The pertinent facts are these:

(1) On or about 18 September 1973 Allstate issued a policy of life insurance on the life of Kevin Mooney with a face amount of $20,000 which designated Lou Ann Mooney as the primary beneficiary.

(2) The policy of insurance required each monthly premium to be paid on or before the first day of the month or within a grace period of 31 days thereafter.

(3) The Mooneys failed to pay the monthly premium due on 1 May 1974 by 1 June 1974, the last day of the grace period.

(4) On 4 June 1974 Allstate sent Mooney a "Life Policy Late Payment Offer" to reinstate the policy in accordance with the terms of the offer.

(5) The "Life Policy Late Payment Offer" stated, in part, that the life policy had terminated; however, the policy could be reinstated upon receipt of all past due premiums if all the conditions of the offer were met. The special offer did not extend the grace period for payment of the premiums on the policy. The conditions were:

1. Every person who is insured under the policy as of the last day of the grace period must be living *when payment is received.*

2. Payment must be made on or before the date this offer expires.

3. Any check or draft remitted in settlement is accepted subject to collection. (Emphasis added)

(6) On 10 June 1974 the Mooneys received the late payment offer.

(7) On 25 June 1974 the late payment offer expired by its own terms.

(8) On 28 June 1974 Lou Ann Mooney mailed a check in the amount of $22.50 to Allstate, which sum was the amount specified in the late payment offer for premiums due on the first day of May, June and July, 1974, to reinstate the policy.

(9) This $22.50 check was the only payment tendered by the Mooneys to Allstate for payment of the premiums due on the first day of May, June and July, 1974.

(10) On 30 June 1974 Kevin Mooney died at 1:00 or 2:00 a. m.

(11) On 1 July 1974 Allstate received the $22.50 check forwarded by Mrs. Mooney and in due course deposited the check for collection.

(12) On or about 3 July 1974 Allstate, having knowledge that Mr. Mooney had died, sent Lou Ann Mooney a claimant's statement form, medical authorization form, and a letter requesting a certified copy of the death certificate on Kevin Mooney.

(13) There is no claim that the policy was extended by any automatic premium provision.

(14) On or about 10 July 1974 Allstate returned the $22.50 amount tendered by Mrs. Mooney.

Allstate claims that the insurance policy on the life of Kevin Mooney terminated by its own terms on 1 June 1974 for non-payment of premiums, that the late payment offer expired on 25 June 1974 for non-acceptance according to its terms and conditions, that Kevin Mooney died before Allstate received the $22.50 tendered by Lou Ann Mooney, and that any obligation to insure the life of Kevin Mooney ceased by operation of law with his death on 30 June 1974.

Mrs. Mooney claims Allstate waived termination of the policy by forwarding the late payment offer, and that by cashing her check in the amount of $22.50 and forwarding her the requested death claim data, Allstate is estopped from asserting termination of the policy.

The questions presented by this appeal are governed by the principles pronounced in *Gibralter Colorado Life Co. v. Taylor,* 132 Tex. 328, 123 S.W.2d 318, 321 (Tex.Comm'n App.1939, opinion adopted) and *Grand Lodge Colored Knights of Pythias of Texas v. Preston,* 91 S.W.2d 496 (Tex.Civ.App.— Beaumont 1936, writ ref'd). In *Gibralter* the Commission of Appeals stated:

The cashier for the Company at Dallas, upon receiving the check, deposited same to the credit of the Company in a bank

there and the check was forwarded for collection and was paid. We shall take for granted that the cashier knew at the time that Dewey, the insured, was dead, and that the cashier had authority from the Insurance Company to accept payment of the extension fees as she did, still the acceptance of said fees would not revive the policy, which lapsed before Dewey died. There was no insurance on Dewey's life at the time he died. After he died, there was no subject matter to which the insurance provisions of the lapsed policy could attach. The essential foundation of a life insurance policy is the life of a human being. After the insured dies, the waiver of a forfeiture, which occurred before his death, cannot restore the life insurance contract. See *Washington Nat. Ins. Co. v. Craddock,* 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854.

Here, the life policy on Kevin Mooney terminated on 1 June 1974. The late payment offer expired on 25 June 1974 for non-acceptance. Kevin Mooney died on 30 June 1974 at 1:00 or 2:00 a. m. The policy of insurance was not reinstated before his death. The tendered payment of $22.50 was received and acted upon by Allstate after Mr. Mooney died. At the time of his death, Allstate had no policy of insurance in effect on the life of Kevin Mooney. After he died, there was no subject matter to which the insurance provisions of the terminated policy could attach. By cashing Mrs. Mooney's check, Allstate did not waive termination of the lapsed insurance policy.

In *Preston* the policy beneficiary claimed, in part, that the insurance company waived termination of the life policy and acknowledged its liability to pay the insurance by furnishing proof of death forms and permitting and encouraging the beneficiary to go to the trouble and incur the expense of making the proofs of death. The court answered:

> Can a waiver give a cause of action where none existed? Proof of death, in connection with an insurance policy, is but an evidentiary matter necessary to show liability—a cause of action on the policy. The proof of death is not the cause of action, but merely one step in the evidence necessary to enforce the liability of the insurer after the death of the insured. The proof of death may be waived, but the death of the insured while the policy is in effect is the one condition under which payment may be enforced. The two facts, death of the insured and life in the policy, must concur, or no liability exists.

91 S.W.2d at 497–98. In the case at bar, there is no concurrence of the two essential facts. Mr. Mooney died after the insurance policy terminated. Under these facts and circumstances the furnishing of the proof of death information by Allstate did not waive termination of the lapsed policy.

In support of her position, Mrs. Mooney primarily relies on *Grand Lodge Colored Knights of Pythias of Texas v. Green,* 69 S.W.2d 149 (Tex.Civ.App.—Waco 1934), *writ dism'd w. o. j.,* 128 Tex. 593, 101 S.W.2d 219 (1937). This case was decided prior to the decisions in *Gibralter* and *Preston.* We do not consider *Green* authoritative or controlling in the case before us.

In summary, we conclude that the insurance policy in question terminated prior to the death of Kevin Mooney and that Allstate did not waive and was not estopped to assert the termination.

Allstate's points of error one through five are sustained. Accordingly, the judgment of the trial court is reversed and judgment is here rendered that Lou Ann Mooney take nothing by her action against Allstate Insurance Co., Inc., in Cause No. 55290–B in the 181st District Court of Potter County, Texas.