## THE SUN MUTUAL INSURANCE COMPANY AND LANCASHIRE INSURANCE COMPANY v. ROBERTS, WILLIS & TAYLOR COMPANY.

### Decided October 15, 1896.

1. **Jurisdiction of Supreme Court.**

   The Supreme Court has no jurisdiction to review errors in a suit on an insurance policy for $1000, it being an action which might have been commenced in the County Court. (P. 79.)

2. **Same—Judgment Not Final—Conflicting Decisions.**

   Article 941, Revised Statutes, giving the Supreme Court jurisdiction in case of judgments not final where the Court of Civil Appeals overrules previous decisions, does not have such effect in every case of conflict but only when it is of such a nature that one decision would overrule the other if both were rendered by the same court. The decisions must be based practically on the same state of facts and announce antagonistic conclusions. (P. 79.)

3. **Same—Cases Considered.**

   The ruling of the Court of Civil Appeals in this case does not present such conflict with previous decisions in Insurance Co. v. Lecroix, 45 Texas, 158, and Insurance Co. v. Hutchins, 53 Texas, 61, as to give this court jurisdiction. (P. 79.)

APPLICATION for writ of error to Court of Civil Appeals for Fourth District in an appeal from Grayson County.

The suits were brought by Roberts, Willis & Taylor Co. and Cullers & Henry against the insurance companies to recover on two policies of fire insurance. Defendants had judgment in the District Court, and the judgment being reversed on appeal, applied for writ of error.

*Morgan & Thompson,* for application.

*E. C. McLean,* for appellants.

No briefs have reached Reporter.

BROWN, ASSOCIATE JUSTICE.—Two separate suits were filed in the District Court—one being styled, Roberts, Willis & Taylor Company against The Sun Mutual Insurance Company, and the other, the same plaintiffs against the Lancashire Insurance Company. The suits were upon different policies of insurance issued by each of the companies. The cases were both tried at the same time, and for the purposes of appeal

were consolidated after trial—that is, one statement of facts was made out and it was agreed that both cases should be tried by the Court of Civil Appeals upon the one transcript.

The policy of the Sun Mutual Insurance Company issued to Burge and Allen was for the sum of $1000. This suit might have been brought in the County Court, for which reason this court has no jurisdiction of this application. It is unnecessary to notice the application further in so far as it relates to the Sun Mutual Insurance Company.

The policy of insurance issued by the Lancashire Insurance Company to Burge and Allen, upon which suit was instituted, was for the sum of $1500. In the District Court judgment was rendered for the defendant, which, upon appeal, was reversed and remanded by the Court of Civil Appeals. Application is made for a writ of error from that judgment, and it is claimed that this court has jurisdiction for the reason that the decision of the Court of Civil Appeals in holding that the "waiver of the breach of the policy by the Insurance Company of conditions of their policy could exist and would be held as a matter of law to have taken place independent of a new agreement," etc., is in conflict with the decisions of the Supreme Court in the cases of Insurance Co. v. Lecroix, 45 Texas, 158, and Insurance Co. v. Hutchins, 53 Texas, 61.

It is sought to give this court jurisdiction of the application under Article 941, Revised Statutes, which reads as follows:

"All causes shall be carried up to the Supreme Court by writs of error upon final judgment, not on judgments reversing and remanding causes, except in the following cases, to-wit: *  *  *  *  *  *  *

"5. Cases in which a Civil Court of Appeals overrules its own decisions or the decision of another Court of Civil Appeals or of the Supreme Court."

Under this statute the conflict between the decision of the court in question and that with which it is claimed to be in conflict must be of such a nature that one would operate to overrule the other in case they were both rendererd by the same court. In other words, the decisions must be based practically upon the same state of facts and announce antagonistic conclusions. It is not sufficient to give jurisdiction that a Court of Civil Appeals may have misapplied a principle of law announced by a decision of another Court of Civil Appeals or of this court. In the two cases cited as being in conflict with the decision in the present case, the question of waiver arose upon exceptions to pleading, and in the course of the opinion a general proposition was laid down upon that question which might be considered as in conflict with the decision of the court in the case presented by this application, but the facts of the cases are so different that we do not consider the conflict to be such as under the statute gives us jurisdiction to grant a writ of error.

The application for writ of error will, therefore, be dismissed for want of jurisdiction in this court to entertain it.

*Application dismissed.*