JOHN WHITE ET AL. v. G. W. ALEXANDER ET AL.

Decided October 29, 1910.

1.—Venue—Sureties—Parties.

For the purpose of securing a loan of money the borrower executed a bond with a number of sureties; a short time afterwards the borrower executed another and an additional bond for the same purpose and with like conditions as the first bond; the second bond had but one surety; this surety was not on the first bond, and his liability was expressly limited to a certain amount which was less than the amount of the first bond; his residence was in a different county from that of his principal and the sureties on the first bond. In a suit against the principal and the sureties on both bonds to collect the debt, held, the surety on the second bond was a proper party, and the suit was properly brought in the county of his residence.

**2.—Same—Executors—Plea of Privilege.**

When an executor fails to plead his privilege to be sued in the county in which the estate is being administered, a co-defendant can not interpose the plea for him.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*Looney & Clark,* for appellants.

No brief for appellees.

RAINEY, Chief Justice.—The statement of the nature and result of the suit as made by appellants, we find to be substantially correct, and the same is here adopted:

"On the 1st day of October, 1907, appellants were a partnership engaged in the banking business at Point in Rains County, Texas, under the name of 'Merchants & Planters Bank.' V. H. Montgomery was a merchant at Emory in said county and desired a line of credit with said bank to the amount of $10,000. In order to secure this line of credit, he, together with appellees, J. W. Clark, W. D. Peeples, G. W. Alexander, J. E. Alexander, Gus Orsborn, Mrs. T. I. Holmes, C. H. Johnson and F. H. Hall as sureties, executed a bond payable to said bank, conditioned that they would pay any sum of money which said Montgomery might owe or become indebted to said bank for a period of six months from said date not to exceed ten thousand dollars at any one time. On the 15th day of said month said Montgomery, together with appellee, B. M. McMahan, as his surety, for the same purpose executed another and an additional bond with like conditions, but it was stipulated therein that, while the same was given in connection with the first named bond and while the liability of said McMahan should be equal to the liability of the sureties on the other bond for his pro rata part of such indebtedness, still his liability should in no event exceed the sum of two thousand dollars. On the faith of these bonds the bank aforesaid advanced to said Montgomery various sums of money at various times so that on the 20th day of January, 1908, he was indebted to it in the sum of $9507.50.

"On that day said Montgomery presented to the said bank the five notes sued on signed by all of the above named parties except J. W. Clark and B. M. McMahan, and the same were accepted by said bank in payment of $5000 of said account and a credit of that amount was duly entered thereon leaving a balance due of $4507.50. At the same time and as part of the same transaction he also presented to said bank as collateral security the vendor's lien notes sought to be foreclosed on in this cause, but these are not material to the question here presented.

"F. H. Hall and C. H. Johnson, two of the persons who signed the first bond, died, Johnson was insolvent and Hall's estate is being administered in the County Court of Rains County, appellees, D. W. Morrow and V. H. Montgomery, being the executors of said estate.

"March 12, 1910, appellants brought this suit in Hunt County, the residence of defendant, B. M. McMahan, to recover the balance due on said account and the amount of the five notes above mentioned, seeking to hold the signers of the first named bond liable for the entire balance of said account, and to hold McMahan liable to the extent of $2000 by reason of the bond signed by him; the executors of Hall's estate being made parties in order to establish the claim against said estate, and it being alleged that Johnson died insolvent. The petition is quite lengthy setting out the making of the bonds and furnishing of the money, the execution of the notes, and other proper allegations. It would serve no good purpose to copy it here.

"On the 15th day of June, 1910, appellees, G. W. Alexander, J. E. Alexander, W. D. Peeples, Gus Orsborn and J. W. Clark, filed their first amended original answer in which they pleaded their privilege to be sued in Rains County, the county of their residence, on the ground: (1) That there is no connection between the bond upon which they are sought to be held and the bond signed by McMahan; that McMahan is 'neither a proper or a necessary party to the determination of the controversy between them, their other co-defendants and the plaintiffs'; and (2) that the estate of F. H. Hall, deceased, being in course of administration in Rains County, the executors of said estate can not be sued in Hunt County to establish these claims, regardless of the fact that the executors themselves do not object; that the said defendants are entitled to have a judgment over against the Hall estate should plaintiff recover against them, and that they can not get a valid judgment over against it in this cause in Hunt County because of the 'mandatory' provisions of the statutes relating to venue against decedent estates.

"Said defendants also, among other things, pleaded *non est factum* as to the five notes sued on, and appellants, in reply, pleaded that the notes were accepted by said bank in good faith as a credit for the face value thereof on the account for money advanced to secure which the bonds were given; that if the notes are not valid obligations against said defendants, said bank had no notice of such fact; that if said defendants are not liable on the notes then said credit on said account was fraudulently procured, and that said defendants are liable by reason of their bond for the amount thereof on the account on which the fraudulent credit was given. The other defendants filed answers and neither of them urged a plea of privilege.

"This is a sufficient statement of the pleadings and the nature of the case to present the questions arising on this appeal.

"When the case was called for trial, June 16, 1910, said defendants who filed said plea of privilege, presented same to the court together with the following admitted facts: (1) That the residence of all the parties is correctly set out in plaintiffs' petition; that none of the defendants ever resided in Hunt County, except B. M. McMahan who resided there when suit was filed and has resided there at all times since then; (2) that F. H. Hall is dead; that his estate is in course of admin-

istration in the County Court of Rains County, and that D. W. Morrow and V. H. Montgomery, the executors of said estate, each reside in Rains County and have never resided in Hunt County; and (3) that the defendants urging the plea of privilege did not sign the bond McMahan signed and had no connection therewith. Said plea upon these facts was submitted to the court and, after argument thereon, judgment was entered sustaining said plea and ordering the transfer of the whole case to Rains County. To this judgment appellants excepted and in open court gave notice of appeal to this court."

As shown by the foregoing statement, McMahan, though having executed a separate instrument, was equally bound to the appellants for the amount owing by Montgomery with the other defendants upon the obligation executed by them. His liability, however, could not exceed $2000. Being so bound, he was a proper party to the suit and, living in Hunt County, jurisdiction of the court attached to him which gave jurisdiction over all the defendants living in Rains County who were liable to plaintiff for said indebtedness. Dublin Cotton Oil Co. v. Robinson, 50 S. W., 1054; Mathonican v. Scott, 87 Texas, 398; Provident Natl. Bank v. Hartnett, 100 Texas, 214; Cobb v. Barber, 92 Texas, 309.

Although McMahan's liability was limited in amount, still he was bound to that extent and therefore was a proper party to this suit. Texas & Pac. Ry. Co. v. Mangum, 68 Texas, 342; Middleton v. Pipkin, 56 S. W., 240.

F. H. Hall, deceased, was one of the signers of the original obligation. His estate is being administered in Rains County and his executors are parties to this suit. They have not claimed any privilege to be sued in Rains County, and the other defendants can not interpose the plea for them.

We are of the opinion that the court in Hunt County had jurisdiction of the parties, and it was error to sustain the plea of privilege.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*