GRACE L. LAYTON ET AL. v. L. B. HIGHTOWER, CHIEF JUSTICE, ET AL.

No. 5156. Decided January 22, 1929.
(12 S. W., 2d Series, 110.)

*Seale & Denman* and *V. E. Middleton,* for relators.

*Adams & McAlester* and *Fairchild & Reddett,* for respondents.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a proceeding for the writ of mandamus to compel the Court of Civil Appeals for the Ninth Supreme Judicial District to certify for decision by the Supreme Court a question of law alleged to have been decided by the first mentioned court in the case of Perry Bros. Variety Stores v. Layton, et al.; which is reported in 7 S. W. (2d), 190, and in which case the judgment of the trial court was reversed and judgment rendered for the appellant. That case is one of slander, brought by the appellees therein, and no appeal lies to the Supreme Court. The decision of said Court of Civil Appeals on said question of law is alleged to be in conflict with the decision of the Court of Civil Appeals for the First Supreme Judicial District on the same question in the case of Koehler v. Sircovich, 269 S. W., 812. The question of law upon which the conflict is alleged to exist will be disclosed in the course of this opinion.

A conflict of decision which is required by Article 1855 of the Statutes to be certified to the Supreme Court is thus defined by the Statute:

"Where a decision of a Court of Civil Appeals is in conflict with an opinion of the Supreme Court of Texas or by some other Court of Civil Appeals in this state on any question of law  \*  \*  \*  ."

The conflict between the two decisions must be upon a question of law that is involved and determined in both cases (Garrity v. Rainey, 112 Texas, 369); and the question of law must be such that a decision thereof by the Supreme Court will necessarily control the disposition of the case in which the certification is sought. Benson v. Jones, 296 S. W., 865. If facts in issue, which are involved in a particular ruling in each of the two cases, are materially the same in both cases, and the decision of the court in one case, as to the legal effect of such facts, is contradictory to that of the other court in the other case, then a conflict of decision occurs on a question of law which is "involved and determined" in the two cases.

Applying these tests to the two cases which are under examination here, a conflict of decision on a question of law, as contemplated by the statute, is found to exist. In both cases, a defamatory statement, shown to have been made in the presence and hearing of third persons who had no interest in the subject-matter of the statement, and whose presence was not designed by the defamer, was claimed to be privileged. In the Perry Bros. Variety Stores case, it was decided that the defamatory statement was privileged, notwithstanding same was made in the presence and hearing of such third persons; in the other case, a contrary decision of this very question of law was made. In each of the cases, the legal effect, in regard to the privilege asserted by the defamer, of the casual presence of uninterested third persons when the defamatory declaration was uttered, was a material inquiry—made so by facts in issue. The question of law thus presented and decided in the two cases is not materially the same as the question of the legal effect of bad faith in the utterance of the defamation. In the decision by the court in the Koehler case, of the particular question of law pointed out above, the fact of bad faith on the part of the defamer, which fact was present in that case but absent from the other, was not involved; and the legal effect of such fact was not determined by that particular ruling. A distinct question of law, arising upon

facts in issue, was determined by such ruling. The contention that same is dictum cannot, therefore, be sustained.

We recommend that the writ of mandamus do issue, as prayed by relators, commanding the respondents to certify to the Supreme Court for decision the question of law upon which their decision conflicts with that in the Koehler case, as hereinbefore pointed out.

The opinion of the Commission of Appeals is adopted and the mandamus awarded.

*C. M. Cureton,* Chief Justice.