**HARRIS et al. v. WILLSON et al.**
No. 1652—6105.

Commission of Appeals of Texas, Section A.
April 19, 1933.

Dallas C. Biggers, Roy W. McDonald, Burgess, Burgess, Chrestman & Brundidge, and L. E. Elliott, all of Dallas, and Frank Rawlings, of Fort Worth, for relators.

Collins & Houston, of Dallas, for respondent Houser.

CRITZ, Judge.

The opinion of the Court of Civil Appeals in the case here sought to be certified is reported in Houser v. Harris, 44 S.W.(2d) 784, and we refer to it for a detailed statement of its facts and issues.

Simply stated, Juanita Harris sued Ed Sproles and John Houser, and in her petition alleges that, while she was riding in an auto operated by John Houser and being driven along a public road in Wise county, Tex., and while Houser was attempting to pass a truck belonging to Ed Sproles, she was injured as a result of the separate negligent acts of both Houser and Sproles. Miss Harris sued both Houser and Sproles in the same suit in the district court of Tarrant county, Tex., on the theory that, because she had venue as to the defendant Sproles, who lives in Tarrant county, Tex., she also had venue as to the defendant Houser, who lives in Wichita county, Tex. Venue thus claimed is asserted under subdivision 4 of article 1995, R. C. S. 1925, and subdivision 29a added to the same article by Acts First Called Sess. 40th Leg. (1927) p. 197, c. 72 (Vernon's Ann. Civ. St. art. 1995, subd. 29 (a).

The defendant Sproles, who resides in Tarrant county, answered the plaintiffs' petition, and also filed cross-action against Houser. The cross-action pleads that Sproles was a passive wrongdoer, and Houser an active one. Also the cross-action seeks relief for Sproles against Houser under the provisions of article 2212, R. C. S. 1925.

Houser answered both the main action and the cross-action by separate pleas of privilege, and asked that the suit as affecting him be transferred to Wichita county, Tex., the county of his residence.

The case was heard on the pleas of privilege alone in the district court and both pleas overruled. On appeal by Houser to the Court of Civil Appeals, the judgment of the district court was reversed, and the cause remanded, with instructions to the trial court to order the transfer of the cause, including the cross-action, so far as against Houser, to the proper court of Wichita county, Tex., the county of Houser's residence.

In its opinion the Court of Civil Appeals finds and holds that Miss Harris' injuries resulted from acts of negligence amounting to a tort committed by both of the above-named parties, but that Houser and Sproles in committing the tort, were acting, not jointly upon concert of action, or by simultaneous wrongful acts, or with community of legal responsibility, but separately and for themselves alone, and without legal obligation to each other.

The Court of Civil Appeals then holds in effect that Miss Harris cannot maintain an action for damages for personal injuries arising out of the above transaction against Houser in Tarrant county by joining him as a party defendant with Sproles. In this connection the Court of Civil Appeals holds that ordinarily in negligence actions joint tortfeasors may be joined as defendants in the same suit at the will of the plaintiff, but that there cannot be, as respecting venue, proper joinder of several persons as defendants for pure tort where the persons committing the tort were acting as Houser and Sproles were acting as found above. We understand this is the effect of the holding of the Court of Civil Appeals, both in its original opinion and its opinion on rehearing.

Miss Harris and Sproles duly presented their motion for rehearing to the Court of Civil Appeals, which was overruled. They then presented their motion to certify to the Supreme Court. The motion to certify contended that the holding of the Court of Civil Appeals was in conflict with 27 opinions of the Supreme Court and Courts of Civil Appeals. The cases cited in the motion as conflicting are the following: Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598; Wool Growers' Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577; First State Bank v. Hill (Tex. Civ. App.) 2 S.W.(2d) 1023; People's State Bank v. National Bank (Tex. Civ. App.) 267 S. W. 992; Alexander v. Alexander (Tex. Civ. App.) 265 S. W. 1072; Childress v. Brooks (Tex. Civ. App.) 265 S. W. 224; First State Bank v. Rice (Tex. Civ. App.) 251 S. W. 284; Scott v. Cassidy Southwestern Commission Co. (Tex. Civ. App.) 240 S. W. 1041; Waxahachie Nat. Bank v. Sigmond Rothschild Co. (Tex. Civ. App.) 235 S. W. 633; White v. Alexander, 62 Tex. Civ. App. 512, 131 S. W. 437; Cardwell v. Masterson, 27 Tex. Civ. App. 591, 66 S. W. 1121; Dublin Cotton Oil Co. v. Robinson (Tex. Civ. App.) 50 S. W. 1054; Harper v. Winfield State Bank (Tex. Civ. App.) 173 S. W. 627; Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5; Burt & Co. v. Spearman (Tex. Civ. App.) 19 S.W. (2d) 96; Carlisle v. Frost-Llewellyn Lumber Co. (Tex. Civ. App.) 196 S. W. 733; Cotton Concentration Co. v. First National Bank (Tex. Civ. App.) 245 S. W. 118; Fuqua v. Shaw, 119 Tex. 325, 29 S.W.(2d) 319; Kunz v. Ragsdale (Tex. Civ. App.) 200 S. W. 269; Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S. W. 621; Miller v. Bush, 119 Tex. 53, 24 S.W.(2d) 23; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861; Oxsheer v. Watt, 91 Tex. 402, 44 S. W. 67; Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; Ward Farming Co. v. Searcy (Tex. Civ. App.) 257 S. W. 653.

The Court of Civil Appeals overruled the motion to certify, and this proceeding followed as an original application for mandamus in the Supreme Court to compel certification of certain questions relating to the correctness of the above holding of the Court of Civil Appeals.

At this point we deem it expedient to say that the right to the mandamus herein sought is claimed under the provisions of article 1855, R. C. S. 1925. The article reads as follows: "Where a decision of a Court of Civil Appeals is in conflict with an opinion rendered by the Supreme Court of Texas or by some other Court of Civil Appeals in this State on any question of law, and such Court of Civil Appeals refuses to concur with the opinion rendered by the Supreme Court or such Court of Civil Appeals, the court refusing to concur with the conflicting opinion shall transmit the question of law involved in the cause wherein said conflict of opinion has arisen, duly certified, together with the record or transcript in such cause, to the Supreme Court for adjudication by the Supreme Court."

■ Before deciding whether the mandamus herein sought should be granted, we deem it advisable to state certain rules governing mandamus actions under the foregoing article. Such rules are as follows:

First. The Supreme Court will not grant a mandamus to compel a certification under the above statute on an issue of conflict, unless the mandamus is sought in a case in which the jurisdiction of the Court of Civil Appeals is final. In other words, the action for mandamus will not lie in a case over which the Supreme Court has jurisdiction on appeal by writ of error.

■■ Second. The Supreme Court will not grant a mandamus to compel certification under article 1855, supra, simply because it disagrees with the ruling of the Court of Civil Appeals, or believes such ruling is erroneous. In this connection, it is held that an apparent inconsistency in the principles of law announced, or in the application of recognized principles of law, is not sufficient to justify a mandamus under this statute. The ruling must be so far under a similar state of facts that the decision of one case is necessarily conclusive upon the other. This means that the facts in issue, which are involved in the particular ruling in each of the two cases, must be materially the same in both cases, and the decision in one case as to the legal effect of the facts therein must be contradictory of the other. Layton v. Hightower, 118 Tex. 166, 12 S.W.(2d) 110; Jones v. Hickman (Tex. Com. App.) 48 S.W.(2d) 982. These two cases review the decisions of the Supreme Court and announce the now settled rule on this question.

■ Third. The application for the mandamus should certainly conform to the well-

established rules of pleading, and should therefore definitely and concretely state the facts and holding of the case wherein the mandamus is sought, and then cite the case or cases which the relator contends conflict therewith. The application should then definitely point out wherein the facts of the case or cases so cited are materially the same as the facts of the case involved in the mandamus and wherein the holding in such case or cases constitute conflicts.

It is apparent that the application in the case at bar comes within the first rule. This is because the appeal in the Court of Civil Appeals is from an interlocutory order of the trial court sustaining the pleas of privilege.

We are of the opinion that the application does not meet the requirements of the third rule for the following reasons: The application is accompanied by "Exhibits to Relator's Petition For Writ of Mandamus." This exhibit contains the motion in the Court of Civil Appeals for certification, and this motion contains the cases contended to be in conflict with the opinion in the case wherein certification is here sought. The application itself contains no citation of cases alleged to be in conflict. If we consider the application for certification in the Court of Civil Appeals as a part of the application for mandamus in this court, still there is no definite pointing out of the conflict but merely a statement of the ruling of the Court of Civil Appeals in the case here involved substantially as already stated by us and then the statement, "whereas the Supreme Court and Court of Civil Appeals have in many instances held that the plaintiff was entitled to join in a case brought in the county of the residence of one defendant, all proper parties defendant to said suit, among which authorities are the following: [Then follows a list of the above-cited cases.]" There is no effort to state the facts of the cases cited or to point out the conflict further. We think this fails to meet the third rule above.

Finally, in spite of the fact that we hold the application insufficient in the matter just pointed out, we have taken the time to carefully examine and read all the above-cited opinions, and find that all of them involve facts so utterly foreign to the facts of the case in which mandamus is here sought that none of them can be said to constitute conflicts within the meaning of the terms of the second rule above announced.

It is out of the question for us to extend this opinion to the length of discussing all of the 27 cases contended to be in conflict with the case in which the mandamus is here sought, but the first case, Cobb v. Barber, supra, is as near a conflict as any of the others. That case, in so far as any venue question was presented, simply involved the right of the holder of a promissory note secured by chattel mortgage on cattle to sue those who were alleged to have wrongfully converted the mortgaged cattle under the peculiar facts of that case out of the county where they resided, where the maker of the note was also a party defendant to the suit, and the suit was filed in the county of his residence. This statement of that case demonstrates that its facts are not materially the same as the facts of the case in which certification is here sought. As above stated, the other cases are no nearer in point.

We recommend that the application for mandamus be dismissed.

CURETON, Chief Justice.

The opinion of the Commission of Appeals is adopted, and mandamus refused.