### MOOERS et al. v. HUNTER.
#### No. 1486—6208.

Commission of Appeals of Texas, Section B.

Feb. 7, 1934.

Bonner, Bonner & Childress, of Wichita Falls, William N. Bonner, of Houston, and Virgil Childress, of Wichita Falls, for plaintiffs in error.

T. F. Hunter, of Wichita Falls, and E. E. Fischer, of Tyler, for defendant in error.

SMEDLEY, Judge.

This case originated in county court, where defendant in error sued plaintiffs in error for $404.45 and recovered judgment for $220.40, which judgment was affirmed by the Court of Civil Appeals. 45 S.W.(2d) 387. Application for writ of error when first examined was dismissed for want of jurisdiction, but on motion for rehearing the writ was granted on account of an assignment of error complaining of a statement made by defendant in error in the presence of the jury to the effect that an absent witness, if completion of the trial were delayed until he could be present, would testify that at one time he had in his possession the original assignment of an oil and gas lease from plaintiffs in error to defendant in error, and that no interlineations had been made in it. The original instrument was not produced at the trial. Defendant in error testified that he had made diligent search for it and that it could not be found. He also testified that the original instrument, when delivered to him, contained a covenant on the part of plaintiffs in error, both in their individual capacities and as trustees, that the property conveyed and assigned was free and clear of all liens and incumbrances. Plaintiff in error Mooers testified that the instrument contained no such covenant. The suit was for the amount of delinquent taxes that defendant in error was thereafter required to pay to clear the property of the lien securing them.

The statement complained of was of course improper, and should not have been made. However, after careful examination of the application for writ of error and the entire record, we have reached the conclusion that the Supreme Court does not have jurisdiction of the case on the ground of conflict alleged between the decision of the Court of Civil Appeals in overruling the assignment of error complaining of the statement made by defendant in error in the presence of the

jury and the prior decisions of courts of civil appeals referred to in the application for writ of error.

The Court of Civil Appeals in this case did not discuss the assignment of error with reference to the statement made in the presence of the jury, but merely overruled it, saying that assignments not specifically discussed had been examined and were overruled. That court therefore announced no new or different rule of law on the subject, and it is to be assumed that it recognized the established rules and principles and concluded, after applying them to the particular statement made, the circumstances under which it was made, and the evidence before the jury, that no reasonable doubt existed of a harmful effect of the statement. Such decision is not in conflict with a decision of another court holding that a reasonable doubt exists as to the harmful effect of an improper statement or argument before a jury, and that a reversal therefore must follow, unless the rulings of the two courts are upon substantially the same state of facts. In determining the probable effect of an improper statement or argument made before the jury, the facts to be taken into consideration include, not only the particular statement or argument, but also the circumstances surrounding its making, the issues made by the pleadings and evidence and submitted to the jury, and the evidence which the jury has heard.

The rule as to what constitutes a conflict of decisions either under article 1728 or under article 1855 of the Revised Civil Statutes is thus stated in Garitty v. Rainey, 112 Tex. 369, 374, 247 S. W. 825, 827: "The conflict in decisions of Courts of Civil Appeals which will authorize this court to issue a writ of mandamus and require certification must be upon a question of law involved and determined, and such that one decision would overrule the other if both were rendered by the same court. The conflict must be well defined. An apparent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient. The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other. In other words, the rulings alleged to be in conflict must be upon the same question, and, unless this is so, there can be no conflict."

In the earlier case of Sun Mutual Insurance Co. v. Roberts, Willis & Taylor, 90 Tex. 78, 79, 37 S. W. 311, 312, Judge Brown, referring to the statute giving the Supreme Court jurisdiction in cases of conflict, said: "Under this statute the conflict between the decision of the court in question and that with which it is claimed to be in conflict must be of such a nature that one would operate to overrule the other in case they were both rendered by the same court; in other words, the decisions must be based practically upon the same state of facts, and announce antagonistic conclusions. It is not sufficient to give jurisdiction that a court of civil appeals may have misapplied a principle of law announced by a decision of another court of civil appeals or of this court."

The later decisions announce the same rule, and particularly that the facts involved in the rulings in each of the two cases must be materially the same. See Layton v. Hightower, 118 Tex. 166, 12 S.W.(2d) 110; Jones v. Hickman, 121 Tex. 405, 48 S.W.(2d) 982; Harris v. Willson (Tex. Com. App.) 59 S.W. (2d) 106.

We have carefully examined each of the decisions cited in the application for writ of error as conflicting with the decision of the Court of Civil Appeals on the question under consideration, and in none of them, and in no case that we have found, was the decision based upon a state of facts so similar to that involved in the instant case that the rulings in such case and in this case can be said to be upon the same question. The most that can be said in favor of the asserted jurisdiction is that the Court of Civil Appeals may have misapplied a principle of law announced by prior decisions. That, as held in the cases cited, is not sufficient to give jurisdiction.

The application for writ of error urges as grounds for jurisdiction conflicts in other rulings made by the Court of Civil Appeals with other decisions. After examining all of such decisions, we are of the opinion that no actual conflict is presented within the definitions and tests given in the authorities which have been cited.

■ Jurisdiction is also asserted on the ground that the case involves the construction of several statutes. As to most of these statutes, a construction of them is not necessary to a determination of the case. See Brown v. Fore (Tex. Com. App.) 12 S.W.(2d) 114, 63 A. L. R. 435. As to the other statutes cited, we find that either the case presents no real controversy about the meaning of their terms or there are no reasonable

grounds for attempting to apply them. See National Compress Co. v. Hamlin, 114 Tex. 375, 383, 269 S. W. 1024.

■ Finally, we have reached the conclusion from an examination of the entire record that, although the opinion of the Court of Civil Appeals has probably not correctly declared the law in all respects, its judgment is a correct one. See article 1728, Revised Civil Statutes, as amended by Acts Regular Session, 40th Legislature (1927), p. 214, ch. 144, § 1 (Vernon's Ann. Civ. St. art. 1728).

We therefore recommend that the application for writ of error be dismissed for want of jurisdiction.

CURETON, Chief Justice.

The writ of error is dismissed, as recommended by the Commission of Appeals.