## CITY NAT. BANK IN CHILDRESS v. PHILLIPS PETROLEUM CO.

### No. 1501—6243.

Commission of Appeals of Texas, Section B. Jan. 23, 1935.

E. E. Diggs and Williams & Bell, all of Childress, for plaintiff in error.

Walter L. Barnes, of Des Moines, Iowa, and Don Emery, of Amarillo, for defendant in error.

SMEDLEY, Commissioner.

Defendant in error recovered judgment against plaintiff in error for $669.35, being the total amount of several checks payable to defendant in error drawn by Michie Motor Company on plaintiff in error's bank in payment for petroleum products purchased by said company from defendant in error. It is alleged that defendant in error's agent, who sold the petroleum products, and to whom the checks were delivered, indorsed and cashed the checks, without authority, at plaintiff in error's bank, and retained the proceeds, and that plaintiff in error, by reason of having so paid the checks upon the unauthorized indorsement, became liable to defendant in error for the amount of same.

The Court of Civil Appeals affirmed the judgment of the trial court [47 S.W.(2d) 357], the gist of its decision being that an agent who is authorized to accept a check in payment of a demand due to his principal and who takes such check payable to his principal has no implied authority to indorse it and collect the money thereon, and that a bank paying the check so indorsed is liable to the principal.

Since the amount in controversy is within the jurisdiction of the county court, the judgment of the Court of Civil Appeals is final and the Supreme Court is without jurisdiction, unless the case is one in which the Court of Civil Appeals held differently from a prior decision of its own, or of another Court of Civil Appeals, or of the Supreme Court upon a question of law. Articles 1728, 1821, Revised Civil Statutes of 1925, as amended in 1927 (chapter 144, § 1) and 1929 (chapter 33, § 1), Vernon's Ann. Civ. St. arts. 1728, 1821. (There is no contention that the case is within any of the other exceptions to the rule that judgments of the Courts of Civil Appeals are final in county court cases.) Plaintiff in error, in its application for writ of error, specifies and cites as grounds of jurisdiction twelve decisions with which it alleges that the decision of the Court of Civil Appeals herein is in conflict. After carefully examining all of those decisions, we find that there is between none of them and the holding of the Court of Civil Appeals such conflict as will authorize this court to take jurisdiction. The rule as to what constitutes a conflict of decisions under article 1728 has been stated so often that it need not be repeated here. See Garitty v. Rainey, 112 Tex. 369, 374, 247 S. W. 825, 827; Sun Mutual Ins. Co. v. Roberts, Willis & Taylor Co., 90 Tex. 78, 79, 37 S. W. 311, 312; Layton v. Hightower, 118 Tex. 166, 12 S.W. (2d) 110; Jones v. Hickman, 121 Tex. 405, 48 S.W.(2d) 982; Harris v. Willson, 122 Tex. 323, 59 S.W.(2d) 106; Mooers v. Hunter (Tex. Com. App.) 67 S.W.(2d) 860.

In none of the several decisions cited in the application for writ of error are the facts involved in the ruling materially the same as the facts in this case. In none of them is there a ruling on the question whether an agent who is authorized, either as a general agent or as a special agent, to accept checks payable to his principal for demands due the principal has implied authority to indorse and cash such checks; and in none of them is there a ruling on the question of the bank's liability to the principal for cashing checks on the agent's unauthorized indorsement. The several decisions but announce the well-known rules with reference to implied authority and apparent authority, and apply such rules to the facts of the particular case.

The application for writ of error filed herein was "granted on the second assignment," which raises a question of substantive law, that is, the correctness of the holding of the Court of Civil Appeals that the agent had no implied authority to indorse and cash the checks. That question this court cannot determine unless it has jurisdiction of the case on account of conflict.

■ At the time of the oral argument it was suggested that the decision of the Court of Civil Appeals herein is in conflict with Fidelity & Deposit Company of Maryland v. Fort Worth National Bank (Tex. Com. App.) 65 S.W.(2d) 276, holding that neither the payee of a check nor its assignee can maintain an action against the drawee bank on account of the bank's payment of the check upon a forged or unauthorized indorsement. That case had not been decided by the Supreme Court when the instant case was decided by the Court of Civil Appeals, and is therefore not "a prior decision," but the same case decided by the Court of Civil Appeals in the same way on the particular question [Fort Worth Nat. Bank v. Fidelity & Deposit Co., 48 S.W.(2d) 694] is a prior decision to that of the Court of Civil Appeals in the instant case, as is also Lone Star Trucking Co. v. City National Bank of Commerce (Tex. Civ. App.) 240 S. W. 1000, a similar decision on the same question, cited and approved in the opinion by Judge Critz in Fidelity & Deposit Co. of Maryland v. Fort Worth National Bank, supra.

While the Court of Civil Appeals merely assumed without discussing the question that the payee could recover from the bank on account of the payment of the check upon the unauthorized indorsement, its affirmance of the judgment against the bank is in conflict with the decisions made in Fidelity & Deposit Co. of Maryland v. Fort Worth National Bank and in Lone Star Trucking Co. v. City National Bank of Commerce, supra.

■ Plaintiff in error insists that the court has jurisdiction of the case and should decide it, because there in fact existed at the time the case was decided by the Court of Civil Appeals an actual conflict between its holding and that made in the two cases last above cited, although no reference whatever was made in the application for writ of error to either of said cases, or to any other case deciding the same question. Must the conflict essential to jurisdiction be made to appear in the application for writ of error, or should the court, after improvidently granting a writ of error upon an application not showing jurisdiction, retain the case and decide it, if at any time before the decision it is discovered, through accident, on account of new zeal of counsel, or by the court, that there is a prior conflicting decision? It is our opinion that the conflict must clearly and affirmatively appear in the application for writ of error, and that if it does not so appear, the application should be dismissed, even though the actual existence of a conflict is discovered after the writ has been granted.

■ The application for writ of error is the basis for the exercising of the jurisdiction of the Supreme Court. It invokes the jurisdiction. Since such is its province, it should plainly show in one of its first sections that the case is one of which the court has jurisdiction. The general rule is that the Supreme Court has no jurisdiction over county court cases, jurisdiction on account of conflict being given by way of exception. One seeking the benefit of the exception should in his application bring himself clearly within it.

There are eleven Courts of Civil Appeals. They have decided thousands of cases. It is impossible for the members of the Supreme Court and those who assist them to be so familiar with the decisions of the Courts of Civil Appeals as to know whether or not there has ever been any decision by any of those courts in conflict with the holding of the Court of Civil Appeals under review upon consideration of an application for writ of error. They must necessarily determine the existence of conflict, and consequently the question of jurisdiction, from the decisions specifically presented in the application.

No other conclusion than that above stated could be reached without violating valid rules enacted pursuant to statutory authority. Articles 1730 and 1731, Revised Civil

Statutes of 1925, broadly confer authority upon the court to make and promulgate suitable rules for carrying into effect the articles in the title relating to the jurisdiction and practice of the court, and to make and enforce all necessary rules of practice and procedure not inconsistent with the law for the government of the court and all other courts of the state, so as to expedite the dispatch of business in said courts. Article 1739 provides: "The Supreme Court may review final judgments of Courts of Civil Appeals upon writ of error, when good cause therefor be shown by application for such writ, as hereinafter required, the sufficiency of such cause to be determined as herein provided."

Articles 1740 and 1741 (as amended by chapter 149, §§ 1, 2, Acts Regular Session, 42d Legislature, Vernon's Ann. Civ. St. arts. 1740, 1741) undertake to set out and define the method whereby good cause for reviewing final judgments of Courts of Civil Appeals shall be shown in the application for writ of error and further those things required to be contained in the application. Article 1741, after naming four requirements, contains the following proviso: "Provided that the Supreme Court may adopt rules with reference to writ of error procedure, but not inconsistent with the provision of this Act or any other Statute."

Subdivision (f) of section 1 of the rules for the Supreme Court provides that there shall be contained in one of the first sections of the application and immediately following a brief statement of the case a subdivision entitled "Grounds of Jurisdiction," in which subdivision "it *shall be made to affirmatively appear* that the case is one of which the Supreme Court has jurisdiction under Article 1728." (Italics ours.) It is then provided in paragraph (2) of said subdivision (f) that it shall further affirmatively appear in such subdivision of the application: "If the case be one in which the Court of Civil Appeals has held differently from a prior decision of its own, or of another Court of Civil Appeals or of the Supreme Court, upon any question of law, that such different holding is upon plainly a question of law, which holding thereon, by the Court of Civil Appeals, as well as that of such prior decision or decisions, and the point of conflict between them shall be specifically and briefly stated, with accurate reference to the book and page of the reports where such decision or decisions may be found."

■ Thus the rules require that jurisdiction be affirmatively shown by the application and that if conflict is the ground of jurisdiction, the application must cite by book and page the decision relied upon for the conflict, and must plainly and specifically state the point of conflict between the decision of the Court of Civil Appeals and the particular prior decision.

Such rules cannot be made effective unless it is held that applications which do not substantially comply with them and which do not show the court's jurisdiction as therein required are insufficient to serve as the basis for exercising jurisdiction. These rules are reasonable and are calculated to carry into effect the articles in the title relating to the jurisdiction and procedure of the court, and to expedite the dispatch of business in the court. They are not inconsistent with any of the provisions of the statutes.

■ It has been the practice, after writs of error have been granted, to dismiss them for want of jurisdiction when on submission of the cause and upon more careful consideration than was given when the writ was granted it has been determined that the application, on account of failure to cite cases actually in conflict or because of nonobservance of some other rule, does not show that the cause is within the jurisdiction of the court. See Knodel v. Equitable Life Insurance Co. (Tex. Com. App.) 221 S. W. 941; City of Abilene v. McMahan (Tex. Com. App.) 292 S. W. 525, 526; Mutual Protective Association of Texas v. Lee (Tex. Com. App.) 65 S.W.(2d) 271; Mooers v. Hunter (Tex. Com. App.) 67 S.W.(2d) 860.

In City of Abilene v. McMahan, supra, conflict was relied upon for jurisdiction, the case having originated in county court. After submission of the case, the court concluded that there was no conflict between the decision of the Court of Civil Appeals and any of the cases cited in the application, and dismissed the writ of error, holding that in the absence of a showing of jurisdiction the court had no authority to decide any question involved in the case. Judge Speer said in the opinion:

"The case was tried below before the county court, and the jurisdiction of the Supreme Court therefore depends upon whether or not the decision in this case is *in conflict with other decisions cited in the application for the writ.* Unless there is such conflict, the Supreme Court has no jurisdiction, and the writ must be dismissed. * * *

"It is contended strenuously by plaintiff in error that defendant in error cannot recover in this case for its speculative and uncertain damages which exist only in his fears based upon the possibility of the dam's breaking.

We are not deciding that he can or he cannot. We are merely deciding that the holding in this case, in effect that he can recover such damages is not in conflict with any of the cases cited by plaintiff in error. We have no right to pass upon such question *unless the conflict of holding alleged actually exists.*

\* \* \*

"It can make no difference that a writ has been improvidently granted if in fact the court upon further consideration determines that the jurisdictional grounds are wanting. In such a case, the writ should be dismissed." (Italics ours.)

The writ of error heretofore granted is dismissed for want of jurisdiction.

Opinion adopted by the Supreme Court.