THE TRAVELERS INSURANCE COMPANY v. S. H. BARKER.

No. 6365. Decided April 3, 1935.
Rehearing overruled May 29, 1935.
(80 S. W., 2d Series, 953.)

*Thompson, Knight, Baker & Harris,* and *Pinkney Grisson,* all of Dallas, and *Bledsoe, Crenshaw & Dupree,* of Lubbock, for plaintiff in error.

*Levens, McWhorter & Howard,* of Lubbock, for defendant in error.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Lubbock County, Texas, by S. H. Barker against Travelers Insurance Company to recover $950.00, alleged to be due to Barker by the Insurance Company on an accident policy. The case was tried in the district court with a jury, but at the conclusion of the evidence a directed verdict was returned for the Insurance Company. On appeal by Barker to the Court of Civil Appeals that court reversed the judgment of the district court and remanded the cause. 52 S. W. (2d) 285. Writ of error was granted on application of the Insurance Company.

On November 24, 1930, S. H. Barker started to go from Lubbock, Texas, to Bakersfield, California. When Barker purchased his ticket at Lubbock the agent of the Railroad Company who was also the agent of the Insurance Company sold him an accident policy. The policy was good for two days and the price charged therefor was 50¢. The policy was sold to Barker just before he got on the train and he had no time to read it. When Barker got to Clovis, New Mexico, on the way to California he was injured by an accident. This accident is the basis of this action. The accident occurred during the life of the policy.

The insurance policy, which was offered in evidence, contained among others the following provisions:
"AGE LIMITS    18 to 70.

"The Travelers Insurance Company, Hartford, Connecticut, *in consideration of the premium indicated on the coupon attached* HEREBY INSURES the person whose name is written upon the stub of this Ticket Policy in the possession of the Company bearing even number and date herewith against bodily injuries effected during the term of this insurance solely by external, violent and accidental means in the manner

following, subject to the conditions and limitations herein contained, to-wit:

\* \* \* \* \*

"The insurance under this policy shall not cover any person under the age of eighteen nor over the age of seventy years. Any premium paid to the company for any period not covered by this policy will be returned upon request."

It was conclusively shown that Barker was over 80 years of age at the time of the issuance of the policy. The insurance company set up that fact as a defense.

The record shows that Barker bought this policy just before he boarded the train at Lubbock. The agent who issued and sold the policy made no inquiry as to Barker's age and he did not know that it contained the age limit above mentioned. Also Barker had no time or opportunity to read the policy before buying it, or, for that matter, before boarding the train.

We quote the following from the opinion of the Court of Civil Appeals:

"By a supplemental petition Barker alleged that he signed no application for the insurance, that the agent who issued the policy made no inquiry as to his age and that he made no representations with reference thereto; that the Company had accepted the premium of 50¢ and retained it; that he did not know the policy contained a provision with reference to his age and it was shown that the policy was issued to him only a few minutes before he boarded the train for California and he had no knowledge of the stipulation referred to. The fact of the issuance of the policy without making inquiry as to the age of the assured and the receipt and retention of the premium were set up as a waiver and as estopping the defendant from relying upon the provision in the policy with reference to the age of the assured.

"When both sides closed in the introduction of testimony the Court directed a verdict for the Insurance Company. Hence this appeal.

"Barker testified that when he purchased his ticket at the Santa Fe depot for Bakersfield, California, the ticket agent asked him if he wanted an insurance policy. He further testified:

" 'I asked him, (the agent) what it was and he said that he could issue me a policy that would cover me for two days for 50¢ and that if I got hurt, the Insurance Company would pay me so much a week and if I got killed the Insurance Company

would pay $5,000.00. I told him that I would take it and I paid him 50¢ and he folded the policy and put it in the envelope with my ticket. The train was about to leave the station and I rushed to get on the train.'

"He further testified that he did not read the policy and that the agent who issued it did not ask him how old he was at the time it was issued. That he did not tell the agent his age because he was not asked to do so.

"C. B. Jones, the agent who issued the policy, testified, in part:

"'I was an employe of the Santa Fe Railroad Company as ticket agent and also was agent for the Travelers Insurance Company in issuing these policies of insurance. Along about Nov. 24, 1930, a gentleman purchased a ticket to Bakersfield, Calif., and at that time I sold him a policy of insurance in the Travelers Insurance Company. I did not know what his age was at that time. I made no inquiry of him as to his age and he made no statement to me at that time. I knew there were various and sundry other limitations in the policy with reference to health, age, etc., and that the contract was so written as to avoid the issuance of a policy if a person was over the age or under the age. I did not explain any of these things to Mr. Barker. As a matter of fact, these policies are issued in a hurry and a rush. The Travelers Insurance Company instructs me to issue these policies to people boarding the train who purchase tickets. As a general rule these policies are just filled out and put in an envelope and handed to a man and he immediately walks out and boards a train. It is never the policy of the Company to require me and I do not make any inquiries as to the physical condition or the age of the applicant for the policy and I did not make any such inquiries of this man. I did tell him it was an accident policy. I had the opportunity of asking him any questions that I desired and to examine his appearance and at the time I issued the policy I just passed that part of it up and issued it to him.' "

The Court of Civil Appeals held that the issue of waiver was in the case and reversed the judgment of the district court, and remanded the cause for a new trial. The Supreme Court granted writ of error on an assignment controverting the holding of the Court of Civil Appeals, but overlooked the fact that it had no jurisdiction as will later appear.

1 It appears from the statement above that this case involves but $950.00, and therefore could have been instituted in the county court. It further appears that it is not a probate case,

or a case involving the revenue laws of the State, or the validity or construction of any statute. It is therefore a case in which the judgment of the Court of Civil Appeals is final unless the opinion of the Court of Civil Appeals is in conflict with some prior decision of a Court of Civil Appeals or of the Supreme Court. Section 1, Article 1821, R. C. S., 1925, as amended.

2 It is the settled law that the conflict referred to in the above statute must be of such a nature that the decision in the one case would operate to overrule the decision in another case if both decisions were rendered by the same court. Furthermore the decisions must be on similar facts, and, based on such similar facts, must announce antagonistic conclusions. Mooers v. Hunter (Com. App.), 67 S. W. (2d) 860, and authorities there cited; Harris v. Willson, 122 Texas, 323, 59 S. W. (2d) 107. In this connection it is held that an apparent inconsistency in the principles of law announced, or in the application of recognized principles of law, is not sufficient. The ruling must be so far upon a similar state of facts that the decision in one case is necessarily conclusive upon the other. This means that the facts in issue, which were involved in the particular ruling in each of the two cases, must be materially the same in both cases, and the decision in one case, as to the legal effect of the facts therein, must be contradictory of the other. Harris v. Willson, supra.

3 When a party seeks to have the Supreme Court assume jurisdiction on the ground of conflict under Section 1 of Article 1821, supra, his application should conform to the well established rules of pleading, and should therefore definitely and concretely state the facts and holdings of the case wherein the writ is sought, and then cite the case or cases which the relator contends conflict therewith. The application should then definitely point out wherein the facts of the case or cases so cited are materially the same as the facts in the case in which the application is made, and wherein the holding in such case or cases constitute conflicts. Harris v. Willson, supra.

In the case at bar the application fails utterly to meet any of the above requirements; in fact the application contains no allegations whatever as to the grounds of jurisdiction.

If we look to the entire application for allegations concerning jurisdiction on the ground of conflict of decision we are still unable to find any. In this connection we note that the application cites the following Texas authorities: Aetna Ins. Co. v. Holcomb, 89 Texas, 404, 34 S. W., 915; Continental Insurance

Co. v. Cummings, 98 Texas, 115, 81 S. W., 705; German Alliance Ins. Co. v. Ft. Worth Grain Co., 269 S. W., 432; Goddard v. Insurance Co., 67 Texas, 71; McLeary v. Orient Ins. Co., 32 S. W., 583; Mecca Fire Ins. Co. v. Moore, 128 S. W., 401; Perry v. Standard Life & Accident Ins. Co., 59 Texas Civ. App., 50, 125 S. W., 374; Texas State Mutual Fire Ins. Co. v. Richbourg, 257 S. W., 1089; The Home Ins. Co. v. Puckett, 27 S. W. (2d) 111. It would extend this opinion to an unreasonable length to discuss the authorities and holdings in the above cited cases. It is sufficient to say that a reading of the opinions in such cases will clearly demonstrate that the facts of each of them are so materially different from the facts of this case that the opinions in such cases cannot constitute conflicts with the opinions in this case as contemplated by the provisions of Section 1 of Article 1821, supra.

The writ of error in this case was improvidently granted. The Supreme Court has no jurisdiction. It is therefore dismissed.

Opinion adopted by the Supreme Court April 3, 1935.

Rehearing overruled May 29, 1935.