GRAND LODGE COLORED K. OF P. OF TEXAS V. SARAH JOHNS.

No. 6589.   Decided March 25, 1936.
Rehearing overruled April 15, 1936.
(91 S. W., 2d Series, 1049.)

*Lane & Lane,* of Marshall, and *Allen V. McDonald,* of Waco, for plaintiff in error.

*Ben A. Harper,* of Tyler, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

■ It becomes necessary in this case to dismiss the application for writ of error because of lack of jurisdiction. While the suit originated in the District Court of Cass County, yet it was one of which the county court had jurisdiction. Plaintiff in the trial court sued for the sum of $575.00 alleged to be due on an insurance policy, for 12 per cent penalty and for $250.00 attorney's fees. We are advised that the County Court of Cass County does not have civil jurisdiction, but this does not make the case any less a county court case, so far as jurisdiction

of the Supreme Court is concerned. Although the suit was brought in the district court, it was a suit of which the county court would have had original jurisdiction within the meaning of Article 1821, Revised Statutes 1925, and the Supreme Court has no jurisdiction except in case of conflict in decisions. Jarecki Manufacturing Co. v. Hinds, 6 S. W. (2d) 343.

■ While in the application for writ of error plaintiff in error has alleged in general terms that the decision of the Court of Civil Appeals is in conflict with prior decisions of other courts, yet there is no specification of the particular facts or of the particular holdings in the cases mentioned to show the alleged conflict. Notwithstanding this, we have examined the cases cited and do not find that there is such conflict as is required in order to confer jurisdiction on the Supreme Court. See City National Bank v. Phillips Petroleum Co., 124 Texas, 456, 78 S. W. (2d) 576, and Travelers' Insurance Co. v. Barker, 125 Texas, 359, 80 S. W. (2d) 953.

Besides this, the Court of Civil Appeals did not file any formal opinion. We find a memorandum in the papers showing reasons for affirming the judgment. The findings of fact made by the trial court and adopted by the Court of Civil Appeals in this memorandum show that this case is a peculiar one upon the facts, standing practically in a class of its own, and for this reason a conflict of decisions between the decision of the Court of Civil Appeals (if it be regarded as such) and prior decisions of other courts would be a strikingly unusual thing.

As the application was improvidently granted, the writ of error is dismissed.

Opinion adopted March 25, 1936.

Rehearing overruled April 15, 1936.