The judgment of the Court of Civil Appeals is affirmed.

COCHRAN v. WOOL GROWERS CENTRAL STORAGE CO.

No. 7908.

Supreme Court of Texas.

May 20, 1942.

942

Hughes, Hardeman & Wilson, of San Angelo, for plaintiff in error.

Collins, Jackson, Snodgrass & Blanks, of San Angelo, for defendants in error.

CRITZ, Justice.

This suit was filed in the District Court of Tom Green County, Texas, by James R. Cochran against Wool Growers Central Storage Company and Sweetwater Production Credit Association, both private corporations, to recover damages in the sum of $922.05, for the alleged willful conversion by the defendant Wool Growers Central Storage Company of 2885 pounds of wool belonging to Cochran. Cochran's petition alleged that Sweetwater Production Credit Association was claiming some interest in the wool, and made it a party in order that its interest might be adjudicated. We shall hereinafter refer to Wool Growers Central Storage Company as the Storage Company, and to Sweetwater Production Credit Association as the Credit Association.

The Credit Association filed a disclaimer, and judgment was rendered thereon by the trial court, to the effect that it had and claimed no interest in the subject matter of the suit. That part of the court's judgment has become final, and we are not concerned with it here.

As between Cochran and the Storage Company, the case was tried in the district court, where it was submitted to a jury on special issues. The jury returned answers to such issues, and, based thereon, the trial court entered judgment for Cochran, against the Storage Company, for $922.05, less a credit of $493.22, representing the amount due on a note of the plaintiff to a San Angelo Bank, secured by the warehouse receipt representing this wool. This note was paid by the Storage Company out of the proceeds of this wool.

On appeal by the Storage Company to the Court of Civil Appeals at Austin, the judgment of the district court was reversed, and the cause remanded for a new trial. Cochran brings error. 153 S.W.2d 638.

An examination of the opinion of the Court of Civil Appeals will disclose that this is a damage suit, wherein the amount in controversy exceeds $500 and does not exceed $1,000, exclusive of interest. It is, therefore, a suit of which, under our Constitution, a county court would have had original jurisdiction. Section 16, Article V, Texas Constitution, Vernon's Ann.St. It follows that this is a case in which the jurisdiction of the Court of Civil Appeals is final, unless it comes under one of the exceptions set out in Subdivision 1 of Article 1821 of our Civil Statutes, Vernon's Ann.Civ.St. art. 1821, subd. 1. The exception attempted to be relied on by the plaintiff in error, Cochran, is conflicts of decisions, as provided in the statute just mentioned. We here deem it expedient to quote in full the grounds of jurisdiction as contained in the application for writ of error:

"Grounds and jurisdiction of the Supreme Court.

"The jurisdiction of the Supreme Court is founded upon:

"(a) Conflicts of the opinion and decision of the Court of Civil Appeals herein with prior opinions of the same Court of Civil Appeals, with opinions of different Courts of Civil Appeals and with opinions of the Supreme Court.

"(b) The fact that errors of substantive law have been committed by the Court of Civil Appeals.

"(c) The fact that such errors of law were of importance to the jurisprudence of the State.

"(d) The errors were not committed in a cause within the final jurisdiction of the Court of Civil Appeals.

"The conflicts of the opinion and decision of the Court of Civil Appeals herein with prior opinions of the same Court of Civil Appeals, with different Courts of Civil Appeals and with the Supreme Court are as follows:

"1. The opinion of the Court of Civil Appeals herein, holding that the finding of the jury that the sale by Defendant in Error of Plaintiff in Error's wool was wilful, as that term was defined in the Court charge, was wholly without evidence to

support it, is in conflict with the opinion of the Court of Civil Appeals in the case of Early-Foster Company v. Mid-Tex Oil Mills, 208 S.W. 224, writ of error refused.

"2. The opinion of the Court of Civil Appeals herein, holding that the testimony of Plaintiff in Error concerning the market value of the wool in question was not of such a nature, and not given under circumstances, entitling it to conclusive effect, is in conflict with the opinion of the Court of Civil Appeals in the case of Farmers Mill & Elevator Company v. Hodges, 248 S.W. 72, 78; in Luling Oil & Gas Company v. Edwards, 32 S.W.2d 921, and Century Insurance Co., Ltd., etc., v. Hogan, 135 S.W.2d 224.

"The errors of substantive law which have been committed by the Court of Civil Appeals in its opinion are in holding:

"1. That the rule permitting the recovery of the highest intermediate market value of the wool between the date of conversion and the date of institution of the suit, allowed the recovery of punitive damages.

"2. That there was no testimony to support the jury's findings that the conversion of Plaintiff in Error's wool was wilful.

"3. That the testimony of Plaintiff in Error as to the value of the wool involved between September 1, 1939, and December 5, 1939, was not of such character as to be conclusive.

"4. In reversing this case in its entirety, and in not reversing the same with instructions to assess the damages only."

■ The above application for writ of error was filed in this court prior to the effective date of our new Texas Rules of Civil Procedure. Such new rules therefore do not apply thereto.

■ An examination of the above-quoted grounds of jurisdiction will disclose that they utterly fail to meet the requirements provided by our former procedural rules. In this connection, the application merely states the rulings of the Court of Civil Appeals, and states that they are in conflict with certain named cases. Such a plea of jurisdiction is utterly insufficient under former rules. Travelers' Ins. Co. v. Barker, 125 Tex. 359, 80 S.W.2d 953; City Nat'l Bank v. Phillips Petroleum

Co., 124 Tex. 456, 78 S.W.2d 576. We here quote from the rule as in Travelers' Ins. Co. v. Barker, supra [125 Tex. 359, 80 S. W.2d 956]: "When a party seeks to have the Supreme Court assume jurisdiction on the ground of conflict under subdivision 1 of article 1821, supra, his application should conform to the well-established rules of pleading, and should therefore definitely and concretely state the facts and holdings of the case wherein the writ is sought, and then cite the case or cases which the relator contends conflict therewith. The application should then definitely point out wherein the facts of the case or cases so cited are materially the same as the facts in the case in which the application is made, and wherein the holding in such case or cases constitute conflicts. Harris v. Willson, supra [122 Tex. 323, 59 S.W.2d 106]."

■ At this point we deem it expedient to call attention to the fact that the grounds of jurisdiction set out in this application would not meet the requirements of our new Texas Rules of Civil Procedure. Subdivision (b) of Rule 469. We here quote Subdivision (b), supra: "(b) Statement of Jurisdiction. Except in those cases in which the jurisdiction of the Court depends on a conflict of decisions under Subdivision 1 of Article 1821, the petition should merely state that the Supreme Court has jurisdiction under a particular subdivision of Article 1728. Example: 'The Supreme Court has jurisdiction of this suit under Subdivision 6 of Article 1728.' Where the case is one coming within the provisions of Subdivision 1 of Article 1821, and jurisdiction of the Supreme Court depends on a conflict of decisions, the conflict on the question of law should be clearly and plainly stated."

Finally, since this case has been remanded to the district court for a new trial, we do not deem it inappropriate to here state that we have announced the law which we think governs it in H. C. De Shazo v. Wool Growers Central Storage Company et al., 162 S.W.2d 401, this day decided by this Court.

The writ of error was improvidently granted in this case. This court has no jurisdiction. The writ is therefore dismissed.