# DAIMLER–BENZ AKTIENGESELLSCHAFT, Petitioner,

v.

## Scott OLSON, et al., Respondents.

### No. 00–0792.

Supreme Court of Texas.

Oct. 12, 2000.

Justice Hecht, joined by Justice Owen, dissenting from an Order of the Court striking the petition for review and requiring that it be redrawn.

This is an interlocutory appeal from the denial of petitioner's special appearance. Petitioner asserts that this Court has jurisdiction over the appeal because the court of appeals' decision conflicts with six prior decisions of other courts of appeals on

material questions of law.[1] The jurisdictional statement in the petition for review, filed July 31, 2000, explains the nature of the conflicts in just over five pages. Respondents filed a waiver of response on August 22 in which they "point[ed] out that Daimler–Benz has argued its jurisdictional allegations—at great length—in its 'Statement of Jurisdiction'" in contravention of Rule 53.2(e) of the Texas Rules of Appellate Procedure,[2] which provides: "The petition must state, without argument, the basis of the Court's jurisdiction." Respondent did not move to strike the petition. One may infer from the fact that the Court did not immediately strike the petition on its own initiative that the initial screening of petitions for formal defects to which all petitions are subjected revealed no problems. The Court proceeded to consider and act on the petition, requesting a response on September 14 with no indication that the petition was improperly drawn. Now a majority of the Court strikes the petition and orders it redrawn by October 26, the day before the response is due. I dissent for three reasons.

*First:* petitioner's jurisdictional statement does not violate Rule 53.2. The rule prohibits diverting argument on the merits into the jurisdictional statement, thereby circumventing the fifteen-page limit on argument.[3] It does not prohibit a concise explanation of the basis for jurisdiction. It makes no sense to confine petitioner to merely citing the conflicts sections of the Government Code and the cases it asserts are in conflict. Without some explanation of the bases for these assertions, the petition would give the Court no meaningful indication of the bases claimed for existence of its jurisdiction. We held long ago

---

**15.** *See id.* at 830, 117 S.Ct. 2312.

**1.** *See* TEX. GOV'T CODE §§ 22.001(a)(2) and 22.225(c).

**2.** All references to rules are to the Texas Rules of Appellate Procedure.

**3.** *See* TEX.R.APP. P. 53.6.

that a petition invoking this Court's conflict jurisdiction not only must cite each case asserted to be in conflict but must "plainly and specifically state the point of conflict" as well.[4] Respondent suggests that such explanation belongs in the argument on the merits, citing the following sentence from Rule 53.2(i): "The argument should state the reasons why the Supreme Court should exercise jurisdiction to hear the case with specific reference to the factors listed in Rule 56.1(a)." But the express concern of Rule 56.1 is whether judicial discretion to grant review should be exercised, not whether jurisdiction over the case exists. Even if courts of appeals are in conflict on a matter so that the Court has jurisdiction of an interlocutory appeal, the Court may nevertheless deny review. Argument concerning the Rule 56.1 factors and an explanation of the statutory basis for the existence of jurisdiction are not the same. The former belongs in the argument section of the petition, as Rule 53.2(i) requires; the latter belongs in the jurisdictional statement, where petitioner put it in this case. Respondents are not prejudiced by an explanation of jurisdiction in the jurisdictional statement because Rule 53.3(d) allows them to file a response explaining concisely in their own jurisdictional statement why the Court lacks jurisdiction.

*Second:* even if the petitioner's brief were not in compliance with Rule 53, striking it now serves no purpose. The Court has already requested a response based on the petition as filed. The response is due the day after the redrawn petition is due, leaving the respondents only a few hours to review the new petition before filing their response. Requiring petitioner to redraw helps neither the Court nor the respondents.

*Third:* the Court's enforcement of Rule 53 is arbitrary. I am not aware that the Court has ever ordered a petition redrawn because of the statement of jurisdiction. That is not because jurisdictional statements are never as long or as explanatory as petitioner's in this case. For example, in a case in which the Court heard argument yesterday, *Apex Towing Co. v. Tolin,* No. 99–1165, the jurisdictional statement in petitioner's brief was three pages long and gave an explanation of an asserted conflict among the courts of appeals, even though appeal was from a final judgment. I cannot imagine that the difference in the Court's treatment of that case and the present one comes down to two pages. My sense is that several petitions would be struck each month on account of their jurisdictional statements if the Court were to apply today's standard uniformly. I predict this will not happen, not because petitions will change, but because today's action is purely arbitrary. The Court will continue to act on petitions that do not comply with Rule 53, and occasionally, depending on the mood of a majority on a given day, will strike one here and there, for no better reason than that it can. I do not regard such whimsical rulings to be a fair administration of the procedural rules. I do not say, of course, that the formal requirements of Rule 53 should not be enforced, but enforcement should be consistent and uniform, not haphazard.

Roscoe Pound observed in 1906 that this kind of nonproductive focus on "fine points of appellate procedure" is "sheer waste, which a modern judicial system would obviate."[5] To those who agree and wonder

---

**4.** *City Nat. Bank in Childress v. Phillips Petroleum Co.,* 124 Tex. 456, 78 S.W.2d 576, 579 (1935, opinion adopted).

**5.** Roscoe Pound, *The Causes of Popular Dissatisfaction with the Administration of Justice,* 29 A.B.A. Rep. 395, 410–411 (1906), *reprinted in* 8 Baylor L.Rev. 1, 19–20 (1956).

that so simple a goal can remain so distant 94 years later, I can say only that obviation of such sheer waste is much, much harder than it looks.